# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 3:16-cr-108-BJD-MCR

TRAVIS CHRISTOPHER ELLIS  ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

## **O R D E R**

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED

Defendant Travis Christopher Ellis is a 31-year-old inmate incarcerated at Bastrop FCI, serving a 60-month term of imprisonment for one count of transporting child pornography, one count of receiving child pornography, and two counts of possessing child pornography. (Doc. 56, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on October 8, 2021. Ellis seeks compassionate release because of the Covid-19

pandemic and because of his health problems, which he says include type 2 diabetes, obesity, hypertension, panic attacks, sleep apnea, diabetic macular edema, and having undergone gall bladder surgery. (Doc. 59, Motion for Compassionate Release).[1] Ellis also states that his father was diagnosed with stage 3 lung cancer, that his father can no longer work, and that he requires constant care. Id. Ellis further states that his "invalid grandmother" depends on his parents, and that his mother is the only member of the household who can work. Ellis contends that his family urgently needs him for financial, physical, and emotional support, and that he has maintained good behavior while in custody. The United States has responded in opposition. (Doc. 60).

A movant under § 3582(c)(1)(A) bears the burden of proving that a sentence reduction is warranted. United States v. Kannell, 834 F. App'x 566, 567 (11th Cir. 2021) (citing United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014)). The statute provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

---

[1] Ellis does not reference coronavirus in the Motion for Compassionate Release, but he did reference it in his administrative remedy request. (Doc. 59-1 at ECF p. 6).

18 U.S.C. § 3582(c)(1)(A)(i). The Eleventh Circuit Court of Appeals has held that U.S.S.G. § 1B1.13, with its definition of "extraordinary and compelling reasons," "is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." United States v. Bryant, 996 F.3d 1243, 1248 (11th Cir. 2021). "Because the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one." United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021). As the Third Circuit Court of Appeals has observed, Covid-19 alone cannot justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Ellis has not demonstrated extraordinary and compelling reasons warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 & cmt. 1. To be sure, the Centers for Disease Control (CDC) have identified several of Ellis's asserted medical conditions as ones that can increase the risk of serious illness from Covid-19, namely, obesity, type 2 diabetes, and hypertension.[2] However, the medical records reflect that Ellis has received

---

[2] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

both doses of the Pfizer Covid-19 vaccine. (Doc. 60-1, Vaccination Record). According to the CDC, the Pfizer and Moderna Covid-19 vaccines reduced the risk of infection by 90% under real world conditions for those who have received both doses.[3] Moreover, early data shows that these vaccines work against emerging variants.[4] That Ellis has been fully inoculated against Covid-19 substantially diminishes his risk of serious illness. Beyond Covid-19, Ellis offers no evidence that any of his conditions are terminal, U.S.S.G. § 1B1.13, cmt. 1(A)(i), or that they "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility" and are ones "from which he or she is not expected to recover," id., cmt. 1(A)(ii).[5] As such, Ellis's medical conditions do not qualify as "extraordinary and compelling reasons" for a sentence reduction.

Ellis also cites his parents' hardships, including his father's diagnosis with lung cancer and the fact that his mother is working to support both Ellis's father and grandmother. While the Court is sympathetic to Ellis's family, these facts do not fit the definition of extraordinary and compelling family

---

[3] https://www.cdc.gov/media/releases/2021/p0329-COVID-19-Vaccines.html#:~:text=A%20new%20CDC%20study%20provides,responders%2C%20and%20other%20essential%20workers.

[4] https://www.nature.com/articles/d41586-021-01222-5.

[5] The Court recognizes that Ellis's diabetic macular edema could lead to significant vision loss, but there is no evidence this condition currently impairs his ability to provide self-care in the prison environment.

4

circumstances set forth in U.S.S.G. § 1B1.13, cmt. 1(C). The only family circumstances that qualify as extraordinary and compelling are "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" and "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, cmt. 1(C). Neither definition applies to Ellis's circumstances. Therefore, "[b]ecause [Ellis's] motion does not fall within any of the reasons that 1B1.13 identifies as 'extraordinary and compelling,'" his Motion for Compassionate Release is due to be denied. Bryant, 996 F.3d at 1265. Moreover, and in any event, there is no evidence that Ellis is the only person available to assist his parents.

Because the Court finds that Ellis has not demonstrated "extraordinary and compelling reasons" for a sentence reduction, it need not address the § 3553(a) factors. Accordingly, Defendant Travis Christopher Ellis's Motion for Compassionate Release (Doc. 59) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 9th day of June, 2021.

BRIAN J. DAVIS
United States District Judge

lc 19
Copies:
Counsel and parties of record